IN THE MATTER OF THE ASSIGNMENT OF JOHN BONNER AND ARTHUR SEWELL.

### [SPECIAL TERM.]

(Decided April 26th, 1878.)

In respect to estates assigned for the benefit of creditors, and any matters involved therein, this court may, under the general assignment act of 1877, exercise all the powers of a court of equity.

The court has power, upon the petition of a person having an equitable claim to a fund held by a third person, which fund is also claimed as a portion of an estate assigned for the benefit of creditors, to order the assignee to consent to the payment by the third person of the fund to the petitioner.

The pledgor of securities wrongfully pledged by the pledgee may recover from the second pledgee, who took the securities in good faith, a surplus arising from a sale of such securities made by the second pledgee to satisfy his loan, which was a larger sum than that for which the securities were originally pledged.

PETITION of Charles J. Osborn and Clement J. Trowbridge, partners under the firm name of C. J. Osborn &. Co., claimants of funds in the Shoe and Leather Bank, that Burr W. Griswold, assignee for the benefit of the creditors of John Bonner and Arthur L. Sewell, partners under the firm name of John Bonner & Co., be instructed by the court to consent to the payment by the bank of said funds to the petitioners, to be then divided between the petitioners and other claimants in accordance with a stipulation which had been entered into between the petitioners and such other claimants. The surplus funds arose from a sale, by the bank, of certain securities pledged by John Bonner & Co., to secure a loan from the bank to them. These securities, when so pledged, were held by John Bonner & Co. as pledges, and belonged to Osborn and Trowbridge, and the other claimants who had pledged them for money borrowed by them severally of John Bonner & Co. The securities were rehypothecated for loans larger in amount than those

for which they were first pledged. The bank was willing to pay the surplus funds to the petitioners; the assignee desired the direction of the court, and certain of the general creditors of the assignors opposed the payment, insisting that the funds were a portion of the assigned estate, and that the petitioners could obtain the relief asked only by an action to which all the claimants and general creditors should be made parties. The facts stated in the petition were found by a referee to whom it was referred to find the facts for the information of the court.

*Thomas G. Shearman*, for petitioners.

*John McKeon*, for general creditors.

CHARLES P. DALY, Chief Justice.—The court acts, in this proceeding, as a court of general jurisdiction, and in respect to the assigned estate, and *any matter involved therein*, may exercise all the power of a court of equity (L. 1877, c. 66, § 25). Having all the necessary parties before it in this case—the petitioners, the assignee, the creditors and the bank—it may do all that a court of equity could do in respect to the claim of the petitioners upon the surplus in the hands of the bank, and determine whether it should be paid over to the petitioners or to the assigned estate for the benefit of the creditors.

Bonner & Co. had, as against the petitioners, no claim to the surplus in the hands of the bank. The stock was pledged with them as security for money borrowed, and was repledged by them with the bank for money borrowed from the bank. The bank have sold the stock for a greater amount than the sum borrowed from them, and having been paid their debt they have no claim to the surplus in their hands, and, as I understand, make none.

Bonner & Co. have no claim to it. They received, by repledging the stock, as the referee finds, the whole amount proportionally, for securing the payment of which it was pledged to them by C. J. Osborn & Co., Wheeler &

Thomas, and Robins & Robinson. Practically, they have been repaid; and the bank has been repaid, and if Bonner & Co. could have no claim to the surplus, their creditors can have none. The petitioners were entitled to a return of their stock upon offering to repay Bonner & Co. the amount loaned upon it. C. J. Osborn & Co. offered to do so, but Bonner & Co. could not return it, for the reason that they had parted with it. No offer, it would appear, was made by Wheeler & Thomas, nor by Robins & Robinson, which, as respects this application, is not material; for an offer to repay the amount borrowed, with the demand of the stock after the stock had been sold by the bank, would have been a useless ceremony. The petitioners, as the owners of the stock, are entitled to whatever remains in the hands of the bank, the loan by Bonner & Co. and the loan by the bank being each paid through the repledging and sale of the stock.

If the bank sold the stock without a demand from Bonner & Co. of the amount loaned upon it, Bonner & Co. are not injured, for they have received all they advanced upon it. The amount so advanced was the extent of all right or claim to it which they had, and the only one to be injured by the sale of it were the petitioners. The petitioners are not seeking indemnity for being deprived of it by the sale, and could not, as against the bank, the bank being a *bona fide* holder. (*McNeil* v. *The Tenth National Bank*, 46 N. Y. 325.) They are simply, as the owners of the stock, asking for the payment to them of the surplus which remains after the sale, and after the claims upon it, respectively of Bonner & Co. and of the bank, have been satisfied. I wholly fail to see what right, legal or equitable, Bonner & Co.'s assignee has to this surplus. The stock never became the property of the assignor's. They had the right merely to hold it as security for the repayment of the amount advanced upon it, and to sell it, if, upon a demand, payment of the amount loaned was refused. They made no such demand, but wrongfully repledged it to another, and neither they nor their creditors lose anything by the payment of the surplus

which remains to those to whom it rightfully belongs.   The petitioners, in my judgment, are entitled to the surplus, to be distributed, as they have, between themselves, agreed upon.

Petition granted.